

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RAY REDDING, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:12-CV-583-A |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Ray Redding, a state prisoner currently incarcerated in Huntsville, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent.  After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

I.  Factual and Procedural History

On March 26, 2009, a jury convicted petitioner of aggravated assault on a public servant with a deadly weapon in the 297th District Court of Tarrant County, Texas, and assessed his

punishment at 60 years' confinement.   (State Habeas R. at 95[1])
Petitioner appealed his conviction, but the Second District Court
of Appeals of Texas affirmed the trial court's judgment.   (*Id.* at
99-117) Thereafter, petitioner filed a petition for discretionary
review in the Texas Court of Criminal Appeals, but the petition
was struck for noncompliance with state rules of appellate
procedure, and petitioner was given 30 days, or until February
25, 2011, to redraw the petition.   *Redding v. State*, PDR No.
0988-10, 2011 WL 303816, at *1 (Tex. Crim. App. Jan. 26, 2011).
Petitioner's subsequently filed petition was dismissed as
untimely by the Texas Court of Criminal Appeals on March 9, 2011.
*Texas Courts Online-Court of Criminal Appeals* (Dec. 6, 2012),
*available at* http:// www.cca.courts.state.tx.us.

     Petitioner then sought postconviction state habeas relief by
filing an application for writ of habeas corpus, raising one or
more of the issues presented herein, in state court on February
15, 2012.   (State Habeas R. at 2)   The Texas Court of Criminal
Appeals denied the application without written order on April 4,
2012.   (State Habeas R. at cover)   This federal petition for

--------

     [1]"State Habeas R." refers to the court record of
petitioner's state habeas application no. WR-77,324-01.

habeas relief was filed on August 20, 2012.[2]  Petitioner raises
three grounds, in which he complains of ineffective assistance of
trial counsel (grounds one and two) and trial court error (ground
three).  (Pet. at 7)

As ordered, respondent has filed a preliminary response
addressing only the issue of limitations, to which petitioner
filed a reply.

## II.   Statute of Limitations

Respondent asserts the petition is untimely and should be
dismissed.  (Resp't Prel. Resp. at 1-5)  28 U.S.C. § 2244(d)
imposes a one-year statute of limitations on federal petitions
for writ of habeas corpus filed by state prisoners.  Section
2244(d) provides:

> (1)  A 1-year period of limitations shall apply to
> an application for a writ of habeas corpus by a person
> in custody pursuant to the judgment of a State court.
> The limitations period shall run from the latest of-
>
> > (A)  the date on which the judgment became
> > final by the conclusion of direct review or the
> > expiration of the time for seeking such review;

---

[2]Under the prison mailbox rule, a document is deemed filed
at the time it is delivered to prison authorities for mailing in
the prisoner context.  *See Spotville v. Cain*, 149 F.3d 374, 377
(5th Cir. 1998).  The petition does not indicate when petitioner
placed the petition in the prison mailing system.  (Pet. at 9)
Thus, he is not given the benefit of the prison mailbox rule.

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Petitioner's claims relate to alleged errors by the trial court and his trial counsel before and during trial.  Thus, under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review or the expiration of the time for seeking such review.  For purposes of this provision, petitioner's conviction became final on February 25, 2011, upon expiration of the time he had for filing a petition for discretionary review in the Texas

Court of Criminal Appeals complying with state rules.  Thus, the limitations period began to run on February 26, 2011, and closed one year later on February 25, 2012, absent any tolling.  *See id.* § 2244(d)(1)(A); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

Under the statutory tolling provision, petitioner's state habeas application filed on February 15, 2012, ten days before expiration of the limitations period, and denied on April 4, 2012, tolled limitations for 49 days, making his petition due on or before April 14, 2012.[3]  28 U.S.C. § 2244(d)(2).  Thus, petitioner's petition is untimely unless he is entitled to tolling as a matter of equity.

Equitable tolling is available when the petitioner is actively misled by the state about the cause of action or is prevented in some extraordinary way from asserting his rights. *Holland v. Florida*, 130 S. Ct. 2549, 2563-64 (2010); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). It is an equitable modification that should be applied "sparingly."  *Howland v. Quarterman*, 507 F.3d 840, 845 (5th Cir. 2007).  The habeas petitioner bears the burden of establishing that equitable

---

[3]2012 was a leap year.

tolling is warranted. *Holland*, 130 S. Ct. at 2565.

Petitioner claims in his reply that he is a layman, mentally disabled, heavily medicated, and lacks the mental capacity to represent himself in this matter. (Pet'r Reply at 1) Petitioner also attached the affidavit of Charles Madden, another prisoner, wherein Madden claims he has assisted petitioner in this case to the best of his ability but lacks the expertise required and has limited access to petitioner, who can be sent for psychological evaluation and medication adjustment at any time, interrupting any "dialog" that the two might have. (Pet. Attach., "Affidavit")

It is well settled that a prisoner's pro se status, lack of knowledge regarding the law and filing deadlines, and lack of legal assistance, all common problems for inmates seeking postconviction habeas relief, are insufficient to justify equitable tolling of the limitations period. *Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 391 (5th Cir. 1999). Further, although the Fifth Circuit has recognized the possibility that mental incompetency might support equitable tolling, petitioner has not specified the nature of his mental illness, the degree of incapacity, the

6

specific medications he was taking during the relevant time period, or the length of time he has suffered from the condition. Allegations of mental illness will not support equitable tolling in the absence of evidence demonstrating that such condition or illness rendered the petitioner unable to pursue his legal rights in a timely manner. *See Fisher v. Johnson*, 174 F.3d 710, 715-16 (5th Cir. 1999). Other than a mere assertion that he is "mentally disabled" and heavily medicated, petitioner provides no evidentiary basis for this court to conclude that his mental state was so impaired during the relevant time period that he could not pursue his legal remedies before the expiration of the statute of limitations.

Petitioner's federal petition was due on or before April 14, 2012, absent statutory or equitable tolling. His petition filed on August 20, 2012, was filed beyond the limitations period and is, therefore, untimely.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred.

Pursuant to Rule 22(b) of the Federal Rules of Appellate

Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not demonstrated his petition was timely filed and made a substantial showing of the denial of a constitutional right.

SIGNED February ___8___, 2013.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE